# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JONATHAN BUTTON )
)
    Plaintiff, )
)
    v. )     C.A. No.: N19C-09-242 FJJ
)
JAMES E. WATERS, *et al.*, )
)

    Defendants.

Submitted: April 9, 2020
Decided: June 22, 2020

## ORDER

*Upon Defendants' Motion to Dismiss*

## DENIED.

Upon consideration of Defendants' James E. Waters, Season Pizza, Inc., Seasons Pizza and Restaurant, Inc. and New Castle Seasons Pizza and Restaurant, Inc. (hereinafter referred to as "Ritchie Defendants") Motion to Dismiss, Plaintiff's Response in Opposition, and Defendants' Reply Brief, the Court finds and holds as follows:

1. On or around September 26, 2016, Defendant James E. Waters ("Mr. Waters"), Co-Defendant Douglas D. Ritchie ("Mr. Richie"), and Plaintiff Jonathan Button ("Mr. Button") were all involved in a motor vehicle accident at a crosswalk on Boulden Boulevard in New Castle, Delaware.[1]

---

[1] D.I. 1.

1

2. It is alleged that Mr. Waters was rear-ended by Mr. Ritchie while Mr. Waters was in the course of employment for Seasons Pizza.[2] As a result, Mr. Ritchie's vehicle allegedly pushed Mr. Waters' vehicle into Mr. Button while Mr. Button was walking in a crosswalk.[3] Mr. Button suffered bodily injuries and other losses.[4]

3. Under Superior Court Civil Rule 12(b)(6), the Court in considering a Motion to Dismiss accepts all factual allegations as true in a light most favorable to the plaintiff.[5] If it is possible for the plaintiff to recover under *any* reasonable set of circumstances presented from the complaint, the motion must be denied.[6]

4. The Ritchie Defendants' argue that dismissal is warranted because "a defendant driver has no duty of care to protect plaintiff when defendant's car is rear-ended by another vehicle while stopped and propelled into plaintiff who was crossing the street."[7] Additionally, Defendants' argue that "a driver's actions are not the proximate cause of a pedestrian's injuries when the driver's stopped car is rear-ended by another vehicle and as a result propelled into the pedestrian."[8]

5. Plaintiff argues that "Defendants have misapprehended the language used in Plaintiff's Complaint."[9] Plaintiff restates that "Defendant Waters *slowed* and/or stopped his vehicle [...]."[10] Thus, "[u]nder a reasonably conceivable set of circumstances, Waters could have failed to slow his vehicle in time and entered the bounds of the crosswalk

---

[2] Compl. at ¶ 12.
[3] *Id.*
[4] *Id.* at ¶ 22-27.
[5] *Williams v. Newark Country Club*, 2016 WL 6781221, at *1 (Del. Super. November 2, 2016).
[6] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[7] Motion to Dismiss at p. 3.
[8] Motion to Dismiss at p. 4.
[9] Pl.'s Resp. to Defs.' Mot. to Dismiss at ¶ 5.
[10] *Id.* (emphasis in original).

2

through his own negligence, independent of any action by [Mr.] Ritchie."[11] Additionally, the plaintiff's complaint fairly alleges that if Waters was stopped, he may have stopped too quickly or "short".

6. The Complaint sets forth specific allegations against Ritchie on how he operated his automobile at the time of the accident. There is a reasonable set of circumstances where a jury could find liability as to Ritchie. Whether the facts will support the allegations after the completion of discovery is an issue for another day. But at this stage, Plaintiffs claims are well pled.

7. Therefore, Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Francis J. Jones, Judge

Dated: June 22, 2020
Wilmington, Delaware

cc:     File&ServeXpress

---

[11] *Id.*

3